IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON


DEBRA PARSONS, M.D.,

      Plaintiff,

v.                                    Case No. 3:09-cv-00771

BEST BUY STORES, L.P.,

      Defendant.


## MEMORANDUM OPINION AND ORDER

This case concerns Plaintiff's allegations that she was injured when Defendant's employees improperly and negligently loaded a pallet jack with computers, electronic equipment and a chair, and handled the pallet jack in such a manner that the load fell and struck Plaintiff, who was Christmas shopping in the store, causing her injuries. (Complaint, # 1, at 2.)

Pending before the Court are three motions filed by Plaintiff: to deem requests admitted or to compel Defendant to serve complete answers (docket # 54), to compel answers to Plaintiff's first set of discovery requests (# 55), and to compel answers to Plaintiff's second set of discovery requests (# 56). Defendant filed a response to the motion relating to requests for admission (# 64), but did not file a response to the other two motions within the time permitted by the Local Rules.

Requests for Admission

Defendant interposed identical objections to each of six requests for admission.  The objection reads as follows:

> Objection.  This request for admission impermissibly seeks a legal conclusion.  A request to admit a pure matter of law is improper under the rules governing requests for admission.  *See Fisher v. Baltimore Life Ins. Co.*, 235 F.R.D. 617, 623 (N.D. W. Va. 2006).

(# 54-1.)  The requests for admission are:

> 3.  Admit that Scott Smith was negligent for failing to secure the load on the pallet jack at issue in this litigation.
> 4.  Admit that Jared Marsh was negligent for failing to secure the load on the pallet jack at issue in this litigation.
> 5.  Admit that Best Buy Stores, L.P. is vicariously liable for the negligence of its employee, Scott Smith.
> 6.  Admit that Best Buy Stores, L.P. is vicariously liable for the negligence of its employee, Jared Marsh.
> 13.  Admit that Debra Parsons was not comparatively negligent with respect to the incident on December 21, 2007 at issue in this litigation.
> 15.  Admit that Best Buy Stores, L.P. contends that its employees were not negligent in the manner in which the load was secured and/or transported on the pallet jack at issue in this litigation.

Id.  Defendant interposed a different objection as to request number 14, as follows:

> 14.  Admit that Best Buy Stores, L.P. contends that its employees properly secured the load on the pallet jack at issue in this litigation.

> Objection.  This request for admission impermissibly seeks an admission regarding a contention.  This request does not relate to the facts of the subject incident.  As such, this request is improper under the rules governing requests for admission.

Id.

2

Rule 36(a)(1), *Fed. R. Civ. P.*, permits a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either . . .." The 1970 Advisory Committee Notes state:

> Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.

The Notes further provide that the Rule "does not authorize requests for admissions of law unrelated to the facts of the case."

In <u>Diederich v. Dep't of the Army</u>, 132 F.R.D. 614, 617 (S.D.N.Y. 1990), the court described an application of law to facts as "a request to confirm or deny if the requestor's interpretation of a law, regulation, etc. concurs and is in agreement with that of the other party." In <u>Reliance Ins. Co. v. Marathon LeTourneau Co.</u>, 152 F.R.D. 524, 525 (S.D. W. Va. 1994), Magistrate Judge Taylor noted that "[a] ruling by this Court that a request for admission was improper because it involved issues for decision by the jury could, of course, implicate almost any request for admission and would, in effect, emasculate the provisions of Rule 36." In a footnote, Judge Taylor cited to <u>Diederich</u> and its holding that requests for admissions of law unrelated to the facts of the case are considered improper. <u>Id.</u> n.2. In <u>Abbott v. United States</u>, 177

3

F.R.D. 92, 93 (N.D.N.Y. 1997), the court commented:

> Although admittedly the boundary line is not always plain between permissible questions relating to the application of law to fact and objectionable questions relating to pure questions of law, the questions posed by plaintiffs in this case fall outside the bounds of proper discovery.  Most telling is that plaintiffs have not posed proper questions requiring application of law to the facts peculiar to this case to clarify the government's legal theories; rather, plaintiffs have posed improper hypothetical factual scenarios unrelated to the facts here to ascertain answers to pure questions of law.  This they cannot do.

Applying these cases to Plaintiff's requests for admissions 3, 4, 5, 6, 13 and 15, the Court finds that all of the requests properly seek application of law to the facts of this case and none of them is a pure question of law unrelated to the facts.  Requests 3 and 4 specify that it was the failure to secure the load on the pallet jack that was negligence.  If Defendant contends that such failure was not negligence, or that other conduct, such as moving the pallet jack too fast, was negligence, then Defendant should say so.  Requests 5 and 6 are clearly Plaintiff's requests to confirm her interpretation of Defendant's responsibility for the actions of its employees.  Request 13 is an obvious effort to avoid the burden of proving a negative, if Defendant will admit that the issue of comparative negligence will not be raised at trial.  Request 15 seeks confirmation of Defendant's defense theory.  The Court further finds that request for admission 14 is proper.  In fact, Defendant's objection that request 14 "does not relate to the facts of the subject incident," is not credible.  Accordingly, it is

hereby **ORDERED** that Defendant's objections to the requests are overruled, Plaintiff's alternative motion for an Order compelling Defendant to serve complete answers (# 54-2) is granted and, pursuant to Rule 36(a)(6), Defendant must serve its answers to the requests within 21 days of entry of this Memorandum Opinion and Order. Plaintiff's alternative motion to deem requests admitted (# 54-1) is denied without prejudice.

Motion to Compel (First Set)

On December 16, 2009, Plaintiff served her first set of discovery requests (## 14 and 15). On February 26, 2010, Defendant served its responses (# 22), which were not satisfactory to Plaintiff (# 55 at 3.) According to Plaintiff, despite a series of communications, the attorneys have not resolved their disputes.

The motion to compel was filed on April 28, 2010; a response was due no later than May 17, 2010, but none was filed. The Court has reviewed the discovery requests and finds them to be appropriate and Defendant's responses to be inadequate and inconsistent with the Federal Rules of Civil Procedure.

With respect to Interrogatory No. 6, Defendant's objection is **OVERRULED**, and Defendant is directed to provide the information with respect to civil actions filed between January 1, 2005, and December 31, 2008. Defendant's objection to Interrogatory No. 16 is **OVERRULED**, based on Rule 33(a)(2); Defendant has had plenty of time to investigate the cause of this incident. Defendant's

5

objection to Interrogatory No. 21 is **OVERRULED**, as it properly
calls for an answer to a question which requires the application of
law to facts.  Defendant's objection to Request for Production No.
1 is **OVERRULED**; Defendant's safety policies and procedures in
effect in December 2007 and relating to the use of pallet jacks are
relevant and discoverable.

It is hereby **ORDERED** that Plaintiff's motion to compel (# 55)
is granted and Defendant is directed to serve complete responses to
Plaintiff's first set of interrogatories and requests for
production within 21 days of entry of this Memorandum Opinion and
Order.

Pursuant to Rule 37(a)(5)(A), Plaintiff may file an affidavit
of her reasonable expenses incurred in making the motion, including
attorney's fees, by June 16, 2010.  Defendant shall file its
response to the affidavit by June 23, 2010, including a statement
identifying the attorney or the party whose conduct necessitated
the motion.

Motion to Compel (Second Set)

On March 3, 2010, Plaintiff served her second set of discovery
requests (# 23).  On April 2, 2010, Defendant served its responses
(# 47), which were not satisfactory to Plaintiff (# 56 at 3.)
According to Plaintiff, despite a series of communications, the
attorneys have not resolved their disputes.

The motion to compel was filed on April 28, 2010; a response

was due no later than May 17, 2010, but none was filed.  The Court
has reviewed the discovery requests and finds them to be
appropriate and Defendant's responses to be inadequate and
inconsistent with the Federal Rules of Civil Procedure.

With respect to Request for Production Nos. 1, 2 and 3,
Defendant's objections are **OVERRULED**; the information is clearly
relevant.  With respect to Request for Production No. 5,
Defendant's objection is **OVERRULED**; the information is clearly
relevant.

Pursuant to Rule 37(a)(5)(A), Plaintiff may file an affidavit
of her reasonable expenses incurred in making the motion, including
attorney's fees, by June 16, 2010.  Defendant shall file its
response to the affidavit by June 23, 2010, including a statement
identifying the attorney or the party whose conduct necessitated
the motion.

The Clerk is directed to transmit this Order to counsel of
record.

ENTER:  May 19, 2010

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge

7