IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DEBRA PARSONS, M.D.,

        Plaintiff,

v.                                  CIVIL ACTION NO. 3:09-0771

BEST BUY STORES, L.P.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is the Plaintiff's motion for leave to amend her complaint (Doc. 74). Plaintiff filed this motion seeking to assert a claim for punitive damages. Because the Court finds that the Plaintiff has not shown good cause to amend at this stage of the proceedings, the motion is **DENIED.** Also pending is Defendant's motion to file a sur-reply (Doc. 88). This Court **DENIES** this motion as moot.

**Background**

According to Plaintiff, on December 21, 2007 she was Christmas shopping at the Best Buy store in Barboursville, West Virginia. Scott Smith, a Best Buy employee, pulled a pallet jack full of computer supplies and office equipment into the aisle where Plaintiff was shopping. The load was unstable, fell, and injured Plaintiff. In her Complaint, Plaintiff sought only compensatory damages; she now wishes to amend that Complaint in order to allege punitive damages.

**Legal Standard**

When a motion to amend a complaint is filed after the relevant deadline in the court's scheduling order it creates a conflict between Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure. Rule 15(a) governs amendments to the pleadings and provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Under Fourth Circuit precedent, this is interpreted so that "[a] motion to amend should be denied only when it would be prejudicial, there has been bad faith, or the amendment would be futile."*Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citations omitted). Rule 16(b), which governs scheduling orders, provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). In the Fourth Circuit, as in most others, this tension is resolved by requiring an amendment to meet the more rigorous standard of Rule 16(b) once the deadline to amend within the scheduling order has passed. *Nourison Rug Corp.*, 535 F.3d at 298.

**Analysis**

Plaintiff seeks to amend her complaint in order to assert claims for punitive damages. These claims would be based on evidence that Defendant's employee Scott Smith knew that the pallet he pulled onto the floor was not properly stacked or sufficiently stable. This evidence includes statements of Mr. Smith taken in deposition, a written confirmation by Mr. Smith that the pallet was not properly stacked, a termination letter referencing the written confirmation, and a store policy that jack pallets were not supposed to be on the sales floor during business hours. Plaintiff claims that much of this evidence, including the written confirmation, termination letter and store policy were not disclosed until just before she filed her motion to amend.

While much of Plaintiff's evidence may bolster the previously asserted claim for negligence, it does not demonstrate conduct sufficiently egregious to justify the award of punitive damages. The standard for punitive damages is well established: "In action of tort, where gross fraud, malice oppression, or wanton, wilful, or reckless conduct or criminal indifference to civil obligations affecting the rights of other appear, or where the legislative enactment authorizes it, the jury may assess exemplary, punitive, or vindictive damages; these terms being synonymous." *Mayer v. Frobe*, 22 S.E.2d 58, Syl. Pt. 4 (W. Va. 1895); *accord*, *Peters v. Rivers Edge Min., Inc.* 680 S.E.2d 791, 821 (W. Va. 2009). The evidence Plaintiff submitted in support of her motion simply does not show conduct that rises to this level. As the newly disclosed evidence does not support a claim for punitive damages, Plaintiff has failed to show good cause in support of her motion to amend. The Court **DENIES** the motion.

### Conclusion

For the reasons explained above, Plaintiff's motion to amend is **DENIED.** Plaintiff shall not be permitted to seek punitive damages in this matter. Additionally, the Defendant's motion for sur-reply (Doc. 88) is **DENIED** as moot. The Court **DIRECTS** the Clerk to send a copy of this written opinion and Order to counsel of record and any unrepresented parties.

ENTER: July 26, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE